Pearson, J.
 

 The case presents this question : upon a usurious lending, the creditor receives the note of a third person in pa3ment of the money lent and the usurious interest; does the creditor thereby incur the penalty ? We had supposed this question too well settled to admit of doubt.
 

 If a surety pays “money’s]'.worth,” as Bank notes, a horse at an agreed price, the note of a third person or the like, which is received by the creditor in payment, the action for money paid will lie.
 
 Brisendine
 
 v.
 
 Martin,
 
 1 Ire. 287.
 

 If a constable receives goods or labor in satisfaction of the claim, a warrant may be brought against him and his sureties, under the act to recover
 
 money collected.
 
 It is not necessary that he should have received the actual money.
 
 Wilson
 
 v.
 
 Coffield,
 
 1 Ire. 513.
 

 In
 
 Stedman qui tam
 
 v.
 
 Bland, 4
 
 Ire. 296, it is taken for granted, that the reception of land, at an agreed price,
 
 *319
 
 would complete the offence of usury. His Honor, Judge Nash, says: “it is not necessary, that the usurious interest should have been received in money — if received in property it is sufficient.”
 

 The law must be so; otherwise no payment would subject the usurer to the penalty, unless made in gold or silver — Bank notes would not suffice — they are the notes of a corporation — not money.
 

 The same reasoning, by which it is insisted, that, where the note of a third person is received in payment, the offence is not consummated, until the creditor collects the note, will apply with equal force, where a horse is received in payment ; and it will follow, that, in such case, the offence is not consummated, until the horse is sold and the creditor receives the money. And in the case of Bank notes, the offence will not be consummated, until the creditor collects the
 
 specie
 
 from the Bank.
 

 The defendant, by his exception, attempted to put the case upon the fact, that Hendrick paid $14 in money and gave his note for the residue, $ 109 28, and insisted, that the usurious interest would be presumed to be included in the note — so, as he contended, was not paid, when the note issued.
 

 His Honor very properly put the case upon the broad ground, that, if no money had been paid, but a note of a third person was given for the whole amount and received in payment, the defendant had thereby incurred the penalty.
 

 Per Curiam.
 

 Judgment affirmed.